Nos. 25-1555 through 25-1578; 25-1580 through 25-1593; 25-1676; and 25-1677
(Consolidated)

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

ATLAS DATA PRIVACY CORP., AS ASSIGNEE OF INDIVIDUALS WHO ARE COVERED PERSONS; JANE DOE 1, A LAW ENFORCEMENT OFFICER; JANE DOE 2, A LAW ENFORCEMENT OFFICER; EDWIN MALDONADO; SCOTT MALONEY; JUSTYNA MALONEY; PATRICK COLLIGAN; PETER ANDREYEV; AND WILLIAM SULLIVAN,

PLAINTIFFS-APPELLEES,

*v.*

WE INFORM LLC, ET AL.

DEFENDANTS-APPELLANTS.

---

# OPPOSITION TO MOTION OF ABINE, INC. FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Defendants-Appellants oppose the Motion filed by Abine, Inc. (d/b/a DeleteMe) for leave to participate as *amicus curiae*, Dkt. 110. That Motion should be denied for three reasons:

***First***, the deadline for *amicus* filings has long passed. Rule 29(a)(6) plainly states that "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." FED. R. APP. P. 29(a)(6). That deadline was May 19, **2025** – more than a year ago. *See* Dkt. 4. Allowing additional amicus filings at this point, well after the close of merits briefing and long after oral argument, would be prejudicial to the parties. If allowed,

DeleteMe's belated brief would serve as an invitation for other third parties to come forward to offer more *amicus* filings. The window for such filings closed long ago. It should remain closed.[1]

***Second***, the matter discussed in the proposed amicus brief is not relevant. *See* FED. R. APP. P. 29(a)(3)(B). The brief purports to provide information about the volume of takedown requests submitted to and received by certain "data brokers." But the issue presented in this appeal is not whether some data companies can or do comply with requests submitted under other laws or in accordance with those individual companies' policies and practices. The issue is whether the speech restrictions imposed by this specific law – N.J.S.A. 56:8-166.1 in New Jersey's Daniel's Law – violate the First Amendment because they are not narrowly tailored and punish speech on a strict liability basis.

***Third***, DeleteMe attempts to justify its filing and its effort to raise "facts on the ground," Mot. ¶ 8, by citing *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), Proposed Amicus Br. at 2. But, under *Moody*, the supposed facts offered by DeleteMe are not "relevant to the disposition of th[is] case." FED. R. APP. P.

---

[1] The potential prejudice and gamesmanship here is obvious: DeleteMe states that it "was unable to seek consent of Defendants-Appellants." Mot. ¶ 9. In reality, it did not even try. None of the many counsel for Defendants-Appellants received any communication from DeleteMe's counsel. Yet, it was able to obtain advance consent from Plaintiffs-Appellees, who were able to cite and rely upon the proposed amicus brief in their supplemental brief. *See* Dkt. 114 at 1, 5.

29(a)(3)(B). In *Moody*, further factual development was necessary because the challenged statutes regulated both expressive activity (like curating news feeds, which involves editorial expression) and activity that did not implicate the First Amendment (like filtering users' email or transmitting users' direct messages). 603 U.S. at 724-26.

Here, the Law regulates speech in every application. *See* Pet. & Order to Certify Questions of State Law (Dkt. 103) at 1 (this case involves a "diverse group of defendants," the Law "restricts their speech," and "here, the challenged law targets *protected* . . . speech"). That makes it "the usual First Amendment case," where the Court "must decide whether to apply strict or intermediate scrutiny." *Moody*, 603 U.S. at 740; *see also* Defs. Reply Br. at 7-9. The Law fails either test. *Id.* at 20-28.

Accordingly, Defendants-Appellants respectfully request that the Court deny DeleteMe's Motion.

Dated: September 2, 2026

Respectfully Submitted,

*On Behalf of All Defendants-Appellants*

**BALLARD SPAHR LLP**

*/s/ Michael Berry*
Marcel S. Pratt
Michael Berry
Anna Kaul
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

(215) 864-8500
prattm@ballardspahr.com
berrym@ballardspahr.com
kaula@ballardspahr.com

*Attorneys for Defendants-Appellants Thomson Reuters Corporation, Thomson Reuters Canada Limited, Thomson Reuters Enterprise Centre GmbH, and West Publishing Corporation (No. 25-1570)*

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, and Local Appellate Rule 31.1, I hereby certify that:

1. The foregoing Opposition complies with the type-volume limitation of FED. R. APP. P. 27(d)(2), because, according to the word count of the word-processing system used to prepare the Opposition, the Opposition contains 546 words, excluding the caption, signature block, and certificates of counsel;

2. The foregoing Opposition complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman font;

3. The text of the electronic Opposition and the text of any paper copies to be filed with the Clerk are identical; and

4. The PDF file of this Opposition has undergone a virus check using Windows Defender Advanced Threat Protection Antivirus, Version 1.457.447.0 (last updated September 1, 2026), and no virus was detected.

This 2nd day of September 2026.

*/s/ Michael Berry*
Michael Berry

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September 2026, I caused a true and correct copy of this Opposition to be served via ECF using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

**BALLARD SPAHR LLP**

*/s/ Michael Berry*
Marcel S. Pratt
Michael Berry
Anna Kaul
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8500
prattm@ballardspahr.com
berrym@ballardspahr.com
kaula@ballardspahr.com

*Attorneys for Defendants-Appellants Thomson Reuters Corporation, Thomson Reuters Canada Limited, Thomson Reuters Enterprise Centre GmbH, and West Publishing Corporation (No. 25-1570)*